1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11    TYLO JEROME FELIX, JR.,                Case No. 1:21-cv-01472-JLT-SKO (PC)

12                    Plaintiff,             **ORDER REGARDING PLAINTIFF'S
                                             LODGED AMENDED COMPLAINT**
13           v.
                                             (Doc. 28)
14    S. DOUGHERTY, et al.,
                                             **ORDER SEVERING CERTAIN CLAIMS
15                    Defendants.            AND DEFENDANTS AND DIRECTING
                                             CLERK OF THE COURT TO OPEN NEW
16                                           ACTION**

17

18           Plaintiff Tylo Jerome Felix, Jr., is a state prisoner proceeding pro se in this civil rights

19    action brought pursuant to 42 U.S.C. § 1983.

20    **I.       BACKGROUND**

21           Plaintiff filed his original complaint on October 1, 2021. (Doc. 1.)  The Court issued its

22    First Screening Order on February 3, 2023. (Doc. 16.) The Court found Plaintiff's complaint

23    stated excessive force claims against Defendants Cazores, Smotherman, Diaz, Velasquez and

24    Arreazola in violation of the Eighth Amendment, but the remaining claims against any Defendant

25    were not cognizable. (*Id.* at 9.)  On May 9, 2023, Plaintiff timely filed a first amended complaint.

26    (Doc. 21.)

27           On January 31, 2024, the Court issued its Second Screening Order. (Doc. 25.) The Court

28    found Plaintiff's first amended complaint violates Rules 18 and 20 of the Federal Rules of Civil

Procedure. (*Id*. at 4-6.) The Court also found Plaintiff plausibly alleged an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Dougherty and Eighth Amendment excessive force claims against Defendants Cazores, Smotherman, Diaz, Velasquez and Arreazola. (*Id.* at 6-13.) Plaintiff was directed to do one of the following within 21 days of the date of the order: (1) file a second amended complaint; *or* (2) file a notice that he did not wish to file a second amended complaint and instead wished to either (a) proceed only on his Eighth Amendment excessive force claims against Defendant Cazores, Smotherman, Diaz, Velasquez and Arreazola, or (b) to proceed only on his Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Dougherty; *or* (3) file a notice of voluntary dismissal. (*Id*. at 14.)  On February 23, 2024, Plaintiff filed a document titled "Clarification of order and 21-day extension." (Doc. 26.)

On February 28, 2024, the Court issued its Order Regarding Plaintiff's Request For Clarification And Extension Of Time Within Which To Respond To The Court's Second Screening Order. (Doc. 27.) The Court discussed the applicability of Rules 18 and 20 of the Federal Rules of Civil Procedure (*id*. at 3-5), and granted Plaintiff a 21-day extension of time (*id*. at 6).

On March 18, 2024, Plaintiff's amended complaint was lodged with the Court. (Doc. 28.) The lodged document consists of an amended form complaint bearing the instant case number asserting claims against a previously named defendant and three newly named defendants (*id*. at 1-8), and an additional form complaint bearing no case number and asserting claims against five previously named defendants in this action (*id*. at 9-16).

## II.    DISCUSSION

Under Rule 20(b) of the Federal Rules of Civil Procedure, the district court may sever claims or parties in order to avoid prejudice. Fed. R. Civ. P. 20(b). Courts have also exercised their discretion to sever where "[i]nstead of making the resolution of [the] case more efficient ... joinder would instead confuse and complicate the issues for all parties involved." *Rodriguez v. Tilton*, No. 2:08-cv-1028 GEB AC P, 2013 WL 1163796, at *6 (E.D. Cal. Mar. 20, 2013) (quoting *Wynn v. Nat'l Broad. Co*., 234 F. Supp. 2d 1067, 1088 (C.D. Cal. 2002) [finding that

even where Rule 20 requirements for joinder are satisfied, the court may exercise its discretion "to sever for at least two reasons: (1) to prevent jury confusion and judicial inefficiency, and (2) to prevent unfair prejudice to the [defendants]") citing *Coleman* [*v. Quaker Oats Company*, 232 F.3d 1271, 1296 (9th Cir. 2000)]").

As stated in the Second Screening Order and the February 28, 2024 clarification order, the claims presented in Plaintiff's first amended complaint cannot proceed in the same action. (*See* Doc. 25 at 4-6 & Doc. 27 at 3-5.) The documents lodged with the Court on March 18, 2024, reveal that Plaintiff seeks to comply with the Court's Second Screening Order by submitting an amended complaint alleging claims against certain defendants in this action, and by submitting another complaint asserting other claims against other defendants to be filed in a new separate action. Therefore, the Court will order that the amended complaint lodged March 18, 2024, bearing the instant case number, naming S. Dougherty, J. Trovao, C. Bencito, and G. Ravijot as defendants, be filed in this action and designated Plaintiff's second amended complaint. The Court will also order that the separate complaint lodged March 18, 2024, naming C. Cazores, J. Smotherman, D. Diaz, A. Velasquez and Arreazola, as defendants, be severed from this action and filed as a new action, to be assigned to the same district and magistrate judges and designated as the original complaint in the new action. Finally, for that new action to which a new case number will be assigned, Plaintiff will be directed to submit and application to proceed *in forma pauperis*, or the required filing fee of $405, within 30 days of the date of this order.

## III.   CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.  The Clerk of the Court is **DIRECTED** to file pages 1 through 8 of the document lodged March 18, 2024 (Doc. 28) as Plaintiff's second amended complaint in this action;

2.  Plaintiff's claims against previously named defendants C. Cazores, J. Smotherman, D. Diaz, A. Velasquez, and Arreazola are **SEVERED** from this action;

3.  The Clerk of the Court is **DIRECTED** to file pages 9 through 16 of the document lodged March 18, 2024 (Doc. 28) as the original complaint in a separate and new action, to be assigned to the same district and magistrate judges. The named defendants in the new

1    action are S. Dougherty, J. Trovao, C. Bencito, and G. Ravijot;

2    4.   The Clerk of the Court is **DIRECTED** to modify the docket for this action to reflect only

3        the following individuals as defendants in this action in accordance with the now-

4        designated second amended complaint:

5            a.   S. Dougherty

6            b.   J. Trovao

7            c.   C. Bencito

8            d.   G. Ravijot

9    5.   The following individuals are **DISMISSED** because Plaintiff's now-designated second

10       amended complaint does not name them as defendants in this action[1]:

11           a.   E. McDaniels

12           b.   C. Bell

13           c.   S. Gates

14   6.   Plaintiff is advised the Court will screen the now-designated second amended complaint

15       in this action in due course; and

16   7.   Plaintiff **SHALL** submit either an application to proceed *in forma pauperis* or the required

17       $405 filing fee in the new action, to be assigned a new case number, within 30 days of the

18       date of service of this order. Once either the application to proceed *in forma pauperis* has

19       been granted or the $405 filing fee has been paid in the new action, the complaint will be

20       screened in due course.

IT IS SO ORDERED.

Dated:   **March 20, 2024**                    */s/ Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] As the Court found in its Second Screening Order, Plaintiff failed to state any cognizable claims against Defendants McDaniels, Bell or Gates, and permitting amendment of any claims asserted against these defendants was futile. (*See* Doc. 25 at 10-11.)

4