UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLO JEROME FELIX, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. CAZORES, et al.,<br><br>　　　　　Defendants. | Case No.: 1:24-cv-00332-JLT-SKO<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO STAY DISCOVERY AND DISPOSITIVE MOTION DEADLINES**<br><br>(Doc. 27) |

Plaintiff Tylo Jerome Felix, Jr., is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's constitutional claims against Defendants Cazores, Smotherman, Diaz, Velasquez, and Arreazola.

**I.　　RELEVANT BACKGROUND**

The Court issued its Discovery and Scheduling Order on August 23, 2024. (Doc. 17.) The remaining deadlines include the discovery cut-off deadline of January 23, 2025, and the dispositive motion filing deadline of March 24, 2025. (*See id.*)

On January 3, 2025, Defendants filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, contending Plaintiff failed to exhaust his administrative remedies prior to filing suit. (Doc. 26.)[1]

---

[1] Plaintiff's opposition or statement of non-opposition is due January 24, 2025, plus time for mailing. See Local Rule 230(*l*).

On January 15, 2025, Defendants filed a motion seeking to stay the discovery deadline and the dispositive motion filing deadline. (Doc. 27.) A response by Plaintiff is unnecessary.

## II.    DISCUSSION

Defendants move for a stay of the discovery and dispositive motion deadlines. Defendants have filed a motion for summary judgment alleging Plaintiff failed to exhaust his administrative remedies. Defendants note that Plaintiff's opposition is due January 24, 2025, one day after the current discovery cut-off deadline. Because the exhaustion motion may be dispositive of the action, Defendants ask the Court to stay the remaining deadlines until it rules on the pending exhaustion motion.

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Federal Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989) ("A court may decide to stay the civil case when required by the interests of justice").

Here, the Court finds a stay of the deadline for the completion of discovery and for the filing of dispositive motions promotes judicial economy. *Landis*, 299 U.S. at 254. Staying the discovery and dispositive motion deadlines will allow the Court to issue a final ruling on the pending exhaustion motion in due course without disruption of those remaining deadlines. If Defendants' summary judgment motion regarding exhaustion is granted, the deadlines for the completion of discovery and the filing of dispositive motions would be mooted. However, if Defendants' motion is denied, the Court will reimpose the relevant deadlines and discovery will continue.

## III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. Defendants' motion to stay the discovery and dispositive motion deadlines (Doc. 27) is **GRANTED**; and

2. The deadlines for the completion of discovery and for the filing of dispositive motions are **STAYED**. Those deadlines will be reimposed following final resolution of Defendants' summary judgment motion concerning exhaustion, if necessary.

IT IS SO ORDERED.

Dated:    **January 16, 2025**                    /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE