UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYLO JEROME FELIX, JR., <br><br> Plaintiff, <br><br> v. <br><br> C. CAZORES, et al., <br><br> Defendants. | Case No.: 1:24-cv-00332-JLT-SKO <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER** <br><br> (Doc. 25) |

Plaintiff Tylo Jerome Felix, Jr., is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's constitutional claims against Defendants Cazores, Smotherman, Diaz, Velasquez, and Arreazola.

**I.    RELEVANT BACKGROUND**

The Court issued its Discovery and Scheduling Order on August 23, 2024. (Doc. 17.) The deadline to amend pleadings was set for December 21, 2024. (*Id*.)

On December 20, 2024, Defendants filed their motion for leave to file an amended answer. (Doc. 25.) Plaintiff did not file an opposition to the motion and the time to do so has passed.[1]

---

[1] Plaintiff's failure to file an opposition or otherwise respond to Defendants' motion to amend the answer and proposed amended answer is deemed a waiver of any opposition to the granting of the motion and the Court therefore considers the motion unopposed. Local Rule 230(*l*).

## II. DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within 21 days after serving it. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation & quotation omitted). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id*.

Defendants seek leave to amend their answer to assert a statute of limitations affirmative defense. (Doc. 25.) Defendants assert good cause exists to allow the amended answer because, after filing their initial answer, further factual investigation revealed the potential availability of the statute of limitations defense. (*Id*. at 3-4.) Defendants note Plaintiff filed this action on March 20, 2024, asserting allegations arising in June 2019. (*Id*. at 4.) Defendants contend Plaintiff will not be prejudiced by the amendment because their motion is timely and Plaintiff, who is presumably aware of "when his claims accrued and when he first pled facts related to those claims," may still conduct discovery concerning the proposed affirmative defense. (*Id*.) Defendants explain the "primary attorney assigned to this case" is on extended leave,[2] (*id*), and when newly assigned defense counsel determined that a statute of limitations defense may be available, she moved for leave to file an amended answer without delay.[3] (*Id*.) Defendants' motion is accompanied by the proposed amended answer. (*Id*. at 7-12.)

Considering the relevant factors, the Court finds no evidence of prejudice to Plaintiff or bad faith by Defendants. Nor is there any evidence of an undue delay in litigation, or futility. *AmerisourceBergen Corp.*, 465 F.3d at 951. Defendants' motion to amend was filed prior to expiration of the deadline for filing a motion for leave to amend and is thus timely. Defense

---

[2] The answer filed July 1, 2024, was prepared and filed by Ravpreet Bhangoo.

[3] The instant motion was prepared and filed by Janet Nah Chen.

counsel acted promptly after conducting further investigation and learning of the potential statute of limitations defense. A review of the proposed amended answer confirms it asserts one additional affirmative defense concerning the statute of limitations. (*Cf*. Doc. 11 to Doc. 25 at 7-12.) Finally, as the motion is unopposed and discovery has now been stayed pending resolution of Defendants' summary judgment motion, the Court finds no evidence of prejudice to Plaintiff. (*See* Doc. 28.) As noted in the order issued January 17, 2025, the "deadlines for the completion of discovery and for the filing of dispositive motions … will be reimposed following final resolution of Defendants' summary judgment motion concerning exhaustion, if necessary." (*Id*. at 3.)

### III.    CONCLUSION AND ORDER

For the foregoing reasons, the Court **HEREBY ORDERS**:

1. Defendants' motion for leave to file an amended answer (Doc. 25) is **GRANTED**; and
2. **Within seven (7) days** of the date of this order, Defendants **SHALL FILE** the proposed amended answer to Plaintiff's second amended complaint.

IT IS SO ORDERED.

Dated:    **January 28, 2025**            /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE

3